IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Nos. 06-216, 07-290, 09-43 |
| | ) | |
| LACY E. TILLEY JR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

CONTI, District Judge

Pending before the court are three motions to enforce stipulations (ECF Nos. 525 in 06-216, 147 in 07-290, 117 in 09-43) filed by the government on January 13, 2011. The pleas entered into in criminal numbers 07-290 and 09-43, were entered under the same plea agreement, and for purposes of sentencing, the stipulations are consolidated with the case filed at criminal number 06-216. Defendant Lacy E. Tilley, Jr. ("defendant") filed identical responses in each of the three cases, dated March 7, 2011 (ECF No. 541, in 06-216, 158 in 07-290, 125 in 09-43). Defendant's sentencing hearing is scheduled to reconvene on April 5, 2011 at 10:00 a.m.

The government argues in its motions that the court should enforce the stipulation in the parties' plea agreement related to the loss amount. In addition, the government asserts the court should declare the defendant breached the plea agreement by: 1) disputing the stipulated loss amount, 2) seeking to withdraw his plea, and 3) not accepting responsibility for the remaining counts of the charges at criminal number 06-216. Defendant responds that the court should make no preliminary finding, ruling or declaration with respect to the motions, or in the alternative, either deny the motions or rule to hold disposition of the motions until the continuation of the sentencing hearing. Defendant contends that the court already ruled upon the government's

objection to the defendant's presentation of evidence related to the loss amount, and found that defendant had a right to discovery and a right to present evidence relevant to sentencing. Specifically, defendant maintains that the court found that the financial information is relevant to the matter of restitution. In addition, defendant notes that the government did not object to the presentation of evidence related to the enhancements reflected in the presentence investigation report ("PIR").

## *I. Background*

On November 12, 2008, defendant was convicted of mail fraud offenses at criminal number 06-216. On July 21, 2009, defendant entered into a plea agreement with the government. Specifically, defendant agreed to plead guilty to: 1) count ten of the indictment at criminal number 07-290 charging defendant with mail fraud, in violation of 18 U.S.C. § 1341 (ECF No. 46); and 2) count one of the indictment at criminal number 09-43 charging defendant with wire fraud, in violation of 18 U.S.C. § 1343 (ECF No. 22). On the next day, defendant pled guilty to those charges. (See ECF Nos. 47 in 07-290; 23 in 09-43.) The parties do not dispute the overall validity of the plea agreement.

The relevant portions of the plea agreement are set forth as follows:

> A. The defendant, Lacy Tilley, agrees to the following:
>
> 1. He will enter a plea of guilty to Count 10 of the Indictment at Criminal No. 07-290 and Count One of the Indictment at Criminal Number 09-43, charging him with violating 18 U.S.C. §§ 1341 and 1343, respectively, pursuant to Rule 11 of the Federal Rules of Criminal Procedure.
>
> 2. He acknowledges his responsibility for the conduct charged in the remaining Counts of the Indictments at Criminal Nos. 07-290 and 09-43 and stipulates that the conduct charges in those Counts may be considered by the

Probation Office or by the Court in calculating the guideline range and in imposing sentence.

3. He will pay mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A and 3664, to the victims and/or other persons or parties authorized by law in such amounts, at such times, and according to such terms as the Court shall direct.

. . .

B. In consideration of and entirely contingent upon the provisions of parts A and C of this agreement, the United states Attorney for the Western District of Pennsylvania agrees to the following:

. . .

2. The United States Attorney will recommend the consolidation of the sentencing hearing of the Indictments at criminal Nos. 07-290 and 09-43, and the Indictment at Criminal No. 06-216. In addition, the United States will recommend that the sentences for the Indictments at Criminal Nos. 06-216, 07-290, and 09-43 run concurrently, and that those offenses should be grouped, for the purposes of determining the appropriate offense level under the Sentencing Guidelines.

3. The United States will not seek an upward departure or variance of the sentencing range calculated by the Court pursuant to the Sentencing Guidelines.

4. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Lacy Tilley in the offenses charged in the Indictments and of any other matters relevant to the imposition of a fair and just sentence.

. . .

C. Lacey Tilley and the United States Attorney further understand and agree to the following:

. . .

2. The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

3. The parties stipulate that the loss associated with the conduct charged in the Indictments at Criminal Nos. 06-216, 07-290, and 09-43, and all relevant conduct is between $400,000 and $1,000,000. This stipulation represents the parties' best understanding on the basis of the information available as of the date of this agreement. The stipulation is not binding on the Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed.

(Plea Agreement at 1-4.)

## *II. Legal standard*

Whether a defendant has breached the terms of a plea agreement is a question of law. United States v. Larkin, 629 F.3d 177, 185 (3d Cir. 2010). The government has the burden to prove a defendant's breach of a plea agreement by a preponderance of the evidence. United States v. Williams, 510 F.3d 416, 424 (3d Cir. 2007).

## *III. Discussion*

Plea agreements are analyzed according to contract principles and ambiguities in plea agreements drafted by the government are construed against the government. Id.; see United States v. Baird, 218 F.3d 221, 229 (3d Cir. 2000) (in light of the government's "tremendous bargaining power," courts must "strictly construe the text" of the plea agreement against the government when it has drafted the agreement). "The essential question is whether the alleged breaching party's 'conduct is consistent with the parties' reasonable understanding of the agreement.'" Williams, 510 F.3d at 425 (quoting United States v. Hodge, 412 F.3d 479, 485 (3d

4

Cir. 2005)). While contract terms should be construed against the drafter, the construction must be a reasonable one. See Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc., 247 F.3d 79, 96 (3d Cir. 2001) ("[I]f the plain meaning of a contract term would lead to an interpretation that is absurd and unreasonable, Pennsylvania contract law allows a court to construe the contract otherwise in order to reach 'the only sensible and reasonable interpretation' of the contract.") (quoting United Refining Co. v. Jenkins, 189 A.2d 574, 579 (Pa. 1963)).

Generally, a defendant cannot renege on his agreement, and when he stipulates to a point in a plea agreement, he "'is not in a position to make arguments [to the contrary]." Williams, 510 F.3d at 422 (quoting United States v. Cianci, 154 F.3d 106, 110 (3d Cir. 1998)). Courts must enforce bargained-for exchanges in plea agreements against defendants, otherwise "the government would have no meaningful recourse if it performed its end of the agreement but did not receive the benefit of its bargain in return." Id. at 422-23.

The Court of Appeals for the Third Circuit in Larkin utilized a three-step approach to analyze whether a party is in breach of a plea agreement. First, the court must consider the relevant paragraphs from the plea agreement and a description of the alleged improper conduct of the respective parties. Larkin, 629 F.3d at 186. Second, the conduct must be evaluated to determine whether it violates the parties' obligations under the plea agreement. Id. Third, if a party breached its duty under the plea agreement, the court must fashion the appropriate remedy. Id. Each step will be discussed.

### A. *Plea agreement language and alleged improper conduct*

In the plea agreement, the parties stipulated to the loss associated with defendant's conduct charged in the Indictments at Criminal Nos. 06-216, 07-290, and 09-43, which affects his recommended sentence under the United States Sentencing Guidelines. In light of the United

States Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), the United States Sentencing Guidelines (the "guidelines") are advisory and no longer mandatory in the federal courts. The Court in Booker stated that "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Booker, 543 U.S. at 264. Courts also are directed to sentence criminal defendants in accordance with the factors set forth in 18 U.S.C. § 3553(a). See, e.g., 18 U.S.C. § 3553(a)(1) ("The court, in determining the particular sentence to be imposed, *shall* consider . . . the nature and circumstances of the offense . . . .") (emphasis added).

Defendant and the government clearly stipulated to particular loss amounts for the purpose of determining defendant's sentencing range under the guidelines. Plea agreement stipulations regarding loss amounts "generally govern the resolution of that issue . . . ." United States v. Granik, 386 F.3d 404, 411 (2d Cir. 2004). The stipulations, however, do "not fix that amount as a matter of law." Id.; United States v. Ketcham, 80 F.3d 789, 792 n.6 (3d Cir. 1996) ("A sentencing court is not bound by factual stipulations in a plea agreement and has discretion to make factual findings based on other relevant information.").

The government concedes express language of the plea agreement permits defendant and the government to bring to the attention of the court *any* information not within their knowledge at the time they entered into the agreement. (See Plea Agreement ¶ C.3 ("The stipulation is not binding on the Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed.").) That language allows defendant to seek a variance and introduce evidence at sentencing with respect to § 3553(a) factors, including the nature and circumstances of the offense. See 18 U.S.C. § 3553(a)(1). The government, however, expressly

6

agreed "not to seek an upward departure or variance of the sentencing range calculated by the Court pursuant to the Sentencing Guidelines." (See Plea Agreement ¶ B.3.) Likewise, the government retained the right in paragraph B.4 to advise the court of the "full nature and extent of the involvement of [defendant] in the offense charged in the Information and of any other matters relevant to the imposition of a fair and just sentence." (See Id. ¶ B.4.)

The government argues, however, that defendant's introduction of evidence related to the loss calculation can only be interpreted as an objection to the stipulated loss range and is therefore a breach of the plea agreement. The government argues that it was denied its benefit of entering into the plea agreement – to avoid lengthy hearings and the large investment of resources it takes to establish loss - because it was forced to present evidence and testimony as to the loss amount.

Defendant argues that he did not review the PIR prior to signing the plea agreement and that he would not have signed the plea agreement if he had reviewed the PIR beforehand. Defendant argues that on the date of the agreement, there was no basis of fact established regarding the net profit or net loss amount and that the government hid the mitigating and exculpatory evidence. Defendant notes that during the plea colloquy he expressed reservations and stated that the pleas were entered in to with the understanding that the defendant could request discovery and argue the loss amount.

The stipulations in the plea agreement with respect to the loss amounts are not qualified by any language which would permit defendant or the government to challenge the guideline calculation. Paragraph C.3, however, when construed against the government as the drafter of the agreement, would permit defendant to introduce evidence at sentencing to support a downward variance, with respect to the nature and circumstances of the offense, and evidence of

7

loss amounts used to calculate the guidelines offense level. In contrast, as previously discussed, the government in this case agreed not to seek an upward departure of the sentencing range. There, however, is no limitation on the government's ability to dispute any arguments made by defendant for a variance to the guidelines sentence.

The situation at hand is different from Williams. There, the government and the defendant included language in the plea agreement that prevented both parties from seeking departures or variances. The defendant and the government agreed "'not to seek or argue for any upward or downward departure or any upward or downward adjustment not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 33 is reasonable.'" Id. at 419 (citation omitted). The defendant in Williams at the time of sentencing requested the district court to depart downward from his guideline range of 168 to 210 months and argued for a variance under Booker and the § 3553(a) factors. Id. at 419-20. The district court, explaining that it took into consideration the § 3553(a) factors, granted a downward variance from the guidelines sentence and sentenced the defendant to 120 months imprisonment. Id. at 421.

On appeal, the court in Williams found the defendant breached the plea agreement in his sentencing memorandum and at sentencing when he advocated for departures or variances, because the plea agreement "unambiguously prohibited him from asking for a downward departure or adjustment."[1] The court of appeals vacated the sentence and remanded the case for resentencing before a different judge. While the court in Williams concluded the prohibition restricted the government and the defendant from seeking departures or variances, it emphasized

---

[1] With respect to the nomenclature of departures and variances, a departure is understood to be a permissible up or down departure within the guideline system, while a variance is a request for the court to consider a sentence outside the guidelines that is similar to the adjustment referred to in Williams.

that the "decision in no way reflects upon the discretion of the sentencing judge to issue a sentence the judge deems reasonable." Id. at 426.

Here, the government included language in the plea agreement permitting defendant and the government to provide the court with information regarding loss amounts not within their knowledge at the time they entered into the plea agreement. If the government wanted to preclude defendant from introducing evidence to support a variance, it could have included language similar to Williams, i.e., preventing defendant from seeking a variance based upon a lower loss amount.

In Larkin, the court of appeals considered whether the government violated the plea agreement. In that case, the government and the defendant entered into a plea agreement that contained language permitting the government to provide to the court and the United States Probation Office "all the information in its possession which it deems relevant to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct." Larkin, 629 F.3d at 187. The plea agreement further provided it did not "restrict the Government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of the Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures." Id.

The defendant in Larkin alleged the government set forth in its sentencing memorandum recommendations for an enhancement and an upward departure which violated the government's obligations under the plea agreement to abide by certain stipulations. The court of appeals disagreed with the defendant and cited to the relevant portions of the plea agreement permitting the government to provide evidence to the court regarding enhancements and departures. That language "permitted the government to respond to the District Court's request for briefing on *any*

9

issue related to the application of the guidelines to Larkin's conduct . . . ." Id. at 189; see United States v. Horsfall, 552 F.3d 1275, 1282 (11th Cir. 2008) ("Because the agreement permitted the government to introduce such information and the government did not explicitly oppose a sentence within the guideline range, the government did not violate the plea agreement.").

At the district court's request for briefing, the government provided an analysis of an applicable enhancement and upward departure. Larkin, 629 F.3d at 192 n.12. The court of appeals distinguished the government *providing* an analysis at the district court's request, which was permitted under the plea agreement, from impermissibly *advocating* for application of the enhancement. Id. at 191. The court of appeals concluded the government "fulfilled its obligation to recommend a sentence within the guideline range and the plea agreement specifically permitted the government to supply the District Court with the information relevant to [enhancements]." Id. at 190. To the degree the government advocated for upward departures, the court held the government was "responding to a request from the District Court consistent with [the terms of the plea agreement]," and "it did not step outside the bounds of the plea agreement." Id. at 192.

In the plea agreement here, defendant and the government agreed to a certain level of flexibility with respect to the information they could present to the court at the time of sentencing. Paragraph C.3 permits defendant and the government to introduce evidence for a variance, including under § 3553(a)(1) (nature and circumstances of the offense). Introducing that kind of evidence at the time of sentencing will not violate the plea agreement.

The court is not constrained by the stipulations in the plea agreement and may consider facts outside the agreement to fashion an appropriate sentence. See, e.g., 18 U.S.C. § 3553(a)(1). The court "must find the loss amount[s] as a fact at sentencing," but such a finding "must be

issue related to the application of the guidelines to Larkin's conduct . . . ." Id. at 189; see United States v. Horsfall, 552 F.3d 1275, 1282 (11th Cir. 2008) ("Because the agreement permitted the government to introduce such information and the government did not explicitly oppose a sentence within the guideline range, the government did not violate the plea agreement.").

At the district court's request for briefing, the government provided an analysis of an applicable enhancement and upward departure. Larkin, 629 F.3d at 192 n.12. The court of appeals distinguished the government *providing* an analysis at the district court's request, which was permitted under the plea agreement, from impermissibly *advocating* for application of the enhancement. Id. at 191. The court of appeals concluded the government "fulfilled its obligation to recommend a sentence within the guideline range and the plea agreement specifically permitted the government to supply the District Court with the information relevant to [enhancements]." Id. at 190. To the degree the government advocated for upward departures, the court held the government was "responding to a request from the District Court consistent with [the terms of the plea agreement]," and "it did not step outside the bounds of the plea agreement." Id. at 192.

In the plea agreement here, defendant and the government agreed to a certain level of flexibility with respect to the information they could present to the court at the time of sentencing. Paragraph C.3 permits defendant and the government to introduce evidence for a variance, including under § 3553(a)(1) (nature and circumstances of the offense). Introducing that kind of evidence at the time of sentencing will not violate the plea agreement.

The court is not constrained by the stipulations in the plea agreement and may consider facts outside the agreement to fashion an appropriate sentence. See, e.g., 18 U.S.C. § 3553(a)(1). The court "must find the loss amount[s] as a fact at sentencing," but such a finding "must be

issue related to the application of the guidelines to Larkin's conduct . . . ." Id. at 189; see United States v. Horsfall, 552 F.3d 1275, 1282 (11th Cir. 2008) ("Because the agreement permitted the government to introduce such information and the government did not explicitly oppose a sentence within the guideline range, the government did not violate the plea agreement.").

At the district court's request for briefing, the government provided an analysis of an applicable enhancement and upward departure. Larkin, 629 F.3d at 192 n.12. The court of appeals distinguished the government *providing* an analysis at the district court's request, which was permitted under the plea agreement, from impermissibly *advocating* for application of the enhancement. Id. at 191. The court of appeals concluded the government "fulfilled its obligation to recommend a sentence within the guideline range and the plea agreement specifically permitted the government to supply the District Court with the information relevant to [enhancements]." Id. at 190. To the degree the government advocated for upward departures, the court held the government was "responding to a request from the District Court consistent with [the terms of the plea agreement]," and "it did not step outside the bounds of the plea agreement." Id. at 192.

In the plea agreement here, defendant and the government agreed to a certain level of flexibility with respect to the information they could present to the court at the time of sentencing. Paragraph C.3 permits defendant and the government to introduce evidence for a variance, including under § 3553(a)(1) (nature and circumstances of the offense). Introducing that kind of evidence at the time of sentencing will not violate the plea agreement.

The court is not constrained by the stipulations in the plea agreement and may consider facts outside the agreement to fashion an appropriate sentence. See, e.g., 18 U.S.C. § 3553(a)(1). The court "must find the loss amount[s] as a fact at sentencing," but such a finding "must be

based on the record as a whole, including the affirmation by the defendant of the accuracy of the plea agreement and any other evidence before the court" at sentencing. Granik, 386 F.3d at 411; see U.S.S.G. § 6B1.4 (Commentary) ("[T]he court cannot rely exclusively upon stipulations in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information."); FED. R. CRIM. P. 11(c)(3) (the court may accept or reject the plea agreement recommendations). Under the terms of the plea agreement, the stipulations retain evidentiary value and both parties will be permitted to introduce evidence concerning any variances requested by defendant.

### *B. Whether defendant's conduct violated the plea agreement*

If defendant argues for a variance and not to recalculate the guideline loss amounts or his overall offense level, his conduct will be consistent with a reasonable understanding of the plea agreement because the government – the drafter of the plea agreement –provided the parties the opportunity to introduce any information not within their knowledge at the time they entered the plea agreement. The stipulations, however, bind the parties concerning the determination of the guideline range; defendant cannot argue for the court to disregard the stipulations in the plea agreement. The stipulations remove the burden from the government to prove the loss amounts because defendant agreed with the loss ranges set forth in the plea agreement. See generally United States v. McCoy, 410 F.3d 124, 132 (3d Cir. 2005) (entering into a stipulation with the defendant relieved the government of its burden to prove the knowledge and intent elements of the drug charges). The court under § 3553(a), however, is obligated to consider factors outside the guidelines in crafting a sentence that is reasonable. See Williams, 510 F.3d at 425 (a sentencing court has a duty to consider the § 3553 factors). Defendant's request to vary from the

11

stipulated guidelines range in light of evidence he did not have at the time he entered into the plea agreement concerning the loss amounts is consistent with the court's discretionary authority to consider evidence in connection with § 3553(a) factors. To the extent defendant's position with respect to alternate loss amounts question the stipulations and calculations of the guidelines, that position would violate the plea agreement. To the extent the new information can be construed as a variance under § 3553(a), defendant is not precluded from presenting that evidence at the time of sentencing.

Defendant and the government did not stipulate to the amount of restitution that may be ordered by the court. Clearly, under the plea agreement there is no limitation on defendant's ability to present evidence concerning restitution. The plea agreement simply recognized the court will "determine the victims and/or other persons or parties who will receive restitution as authorized by law." (Plea Agreement ¶ C.2.)

### *C. Remedy*

If defendant objects to the stipulated loss amounts in the plea agreement and their effect on his guideline offense level, the court will consider those objections to be a violation of the plea agreement. Defendant may withdraw those objections or risk violating the terms of the plea agreement. If defendant persists in his objections to the guideline calculations, the government would be permitted to treat the plea agreement as breached and seek further enhancements to defendant's guideline offense level. If, however, defendant intends to proceed in good faith by introducing evidence of the nature and circumstances of his offense and seeks a variance, the court may consider that evidence, as well as any evidence offered by the government to contest the variance under the § 3553(a) factors. There is no limitation on defendant's ability to present evidence concerning restitution.

*IV. Conclusion*

Defendant will not breach the plea agreement if he seeks to introduce evidence of the loss amounts in connection with a request for a variance or with respect to restitution. Under the language of the plea agreement, defendant may present to the court any information not within his knowledge at the time he entered into the plea agreement, including – in connection with a request for a variance or with respect to restitution - concerning loss amounts. In response, the government may introduce evidence showing the loss amounts consistent with or higher than the stipulated amounts. The government's motion to enforce stipulations shall be denied without prejudice.

**ORDER**

**AND NOW**, this 1st day of April, 2011, it is **HEREBY ORDERED** that for the reasons set forth in the forgoing memorandum opinion, the motions to enforce stipulations (ECF Nos. 525 in 06-216, 147 in 07-290, and 007 in 09-43) filed by the government are **DENIED** without prejudice.

By the court:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Dated: April 1, 2011    United States District Judge